UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 10-343-KSF

SHEILA A. ESTES                                                                  PLAINTIFF

v.                         **OPINION & ORDER**

MICHAEL J. ASTRUE,
Commissioner of Social Security                                      DEFENDANT

\* \* \* \* \* \* \* \* \* \* \*

Plaintiff, Sheila A. Estes, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security denying her claim for period of disability and disability insurance benefits ("DIB") and Supplemental Security Income ("SSI"). The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

**I.     OVERVIEW OF THE PROCESS**

In determining whether a claimant has a compensable disability under the Social Security Act, the regulations provide a five-step sequential process which the administrative law judge must follow. 20 C.F.R. § 404.1520(a)-(e); *see Walters v. Commissioner of Social Security*, 127 F.3d 525, 529 (6th Cir. 1997). The five steps, in summary, are as follows:

(1)      If the claimant is currently engaged in substantial gainful activity, she is not disabled.

(2)      If the claimant is not doing substantial gainful activity, her impairment must be severe before she can be found disabled.

(3)      If the claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous

period of at least twelve months, and her impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.

(4) If the claimant's impairment does not prevent her from doing past relevant work, she is not disabled.

(5) Even if the claimant's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that accommodates her residual functional capacity and vocational factors (age, education, skills, etc.), she is not disabled.

*Id.* The burden of proof is on the claimant throughout the first four steps of this process to prove that she is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146, n. 5 (1987). If the administrative law judge reaches the fifth step without a finding that the claimant is not disabled, then the burden shifts to the Commissioner to consider her residual functional capacity, age, education, and past work experience to determine if she could perform other work. If not, she would be deemed disabled. 20 C.F.R. § 404.1520(f). Importantly, the Commissioner only has the burden of proof on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her v. Commissioner of Social Security*, 203 F.3d 388, 391 (6th Cir. 1999).

## II. PROCEDURAL BACKGROUND AND THE ADMINISTRATIVE DECISION

Plaintiff filed her applications for benefits on May 2, 2007 [TR 159, 163, 179].[1] Plaintiff's applications were denied initially and again on reconsideration [TR 111-114, 131, 137, 140]. After a hearing before an Administrative Law Judge ("ALJ") on August 27, 2009 [TR 14], the ALJ issued an unfavorable decision on September 24, 2009 [TR 11-27]. Plaintiff's request for review to the

---

[1]Plaintiff's previous applications for DIB and SSI were denied by an Administrative Law Judge on September 29, 2006 [TR 115-127]. The denial was upheld by the Appeals Council on February 23, 2007 [TR 14]. In her motion, Plaintiff does not raise any issues related to this denial.

Appeals Council was denied on August 26, 2010, and the decision of the ALJ now stands as the final decision of the Commissioner [TR 1-3].

At the time the ALJ rendered his decision, Plaintiff was 45 years old [TR 20, 42]. She has a high school education and can read, speak and understand English [TR 20, 196]. Plaintiff has past relevant work experience as a fast food worker [TR 21]. Plaintiff claims that her ability to work is limited due to a back injury, tumors in her arms, neck pain, scoliosis, depression, and bipolar disorder [TR 197]. Plaintiff alleges that she became disabled on February 24, 2007 and that she stopped working due to her condition [TR 196]. Plaintiff testified that she attempted to work at a nursing home in March or April of 2008 as a kitchen helper, but that she performed this job for less than a month and almost had a nervous breakdown due to other employees [TR 21, 45-46]. She then attempted to find employment at Nestle's through a temporary agency, but was unable to complete the employment physical and, therefore, never completed the hiring process [TR 21, 46-47].

The ALJ began his analysis by determining that Plaintiff has met the insured status requirements of the Social Security Act through December 31, 2008 [TR 17]. At step one, the ALJ found that Plaintiff has not engaged in any substantial gainful activity since February 24, 2007, the alleged onset date [TR 17]. At step two, the ALJ determined that Plaintiff suffers from the following severe impairments: scoliosis of the thoracic and lumbosacral spine; generalized spondylosis of the lumbar spine; osteoarthritis of the bilateral hips and knees; leg length discrepancy; and depressive disorder, not otherwise specified [TR 17]. Continuing on to the third step, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals any of the listed impairments [TR 17-19].

Reviewing the entire administrative record and considering Plaintiff's testimony, the ALJ described Plaintiff's residual functional capacity ("RFC") as follows:

> [Plaintiff] has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a). [Plaintiff] retains the residual functional capacity to lift and carry up to ten pounds. [Plaintiff] can stand and walk for approximately one hour without interruption and for a total of approximately three hours in an eight-hour day. [Plaintiff] can sit for approximately one hour without interruption and for a total of approximately six to eight hours in an eight-hour workday. Please assume that [Plaintiff] would, therefore, require a sit/stand option at the approximate interval of one hour. Please assume that [Plaintiff] can occasionally climb ramps and stairs, balance, stoop, crouch, and kneel but should never climb ropes, ladders, or scaffolds or crawl. [Plaintiff] can only occasionally engage in overhead reaching and can only occasionally use the lower extremities to aid in pushing and pulling. [Plaintiff] should avoid unprotected heights, unprotected moving machinery, temperature extremes, excessive humidity, and vibration. Please further assume that [Plaintiff] can perform, and does require a low stress, entry level, no-production quota work environment with simple, repetitive one and two step work procedures with minimal change in the work routine and with minimal exposure to the general public.

[TR 19-20].

At step four of the analysis, considering the testimony of Vocational Expert ("VE") Ralph M. Crystal, Ph.D., the ALJ found that Plaintiff could not perform her past relevant work [TR 25]. However, at step five, the ALJ concluded that, based on Plaintiff's age, education, work experience, and residual functional capacity, as well as the written interrogatory responses of Dr. Crystal, Plaintiff is capable of making a successful adjustment to other work that exists in significant numbers in the national economy [TR 25-27]. Therefore, the ALJ determined that Plaintiff has not been under a disability, as defined in the Social Security Act, from January 28, 2007 through the date of the ALJ's decision. [TR 27].

The ALJ's decision that Plaintiff is not disabled became the final decision of the Commissioner when the Appeals Commission subsequently denied her request for review on August

4

26, 2010 [TR 1-3]. Plaintiff has exhausted her administrative remedies and filed a timely action in this Court. This case is now ripe for review under 42 U.S.C. § 405(g).

I.   **GENERAL STANDARD OF REVIEW**

The decision of the Commissioner must be supported by substantial evidence. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779 (6th Cir. 1987). Once the decision of the Commissioner is final, an appeal may be taken to the United States District Court pursuant to 42 U.S.C. § 405(g). Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to the proper legal standards. *See Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* In reviewing the decision of the Commissioner, courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, the court must affirm the Commissioner's decision so long as it is supported by substantial evidence, even if the court might have decided the case differently. *See Her*, 203 F.3d at 389-90. However, the court must review the record as a whole, and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

II.   **ANALYSIS**

On appeal, Plaintiff argues that the ALJ's determination was not based on substantial evidence or decided by the proper legal standards. Plaintiff's brief presents three issues to be determined by this Court: (1) whether the ALJ considered the combined effects of all of Plaintiff's impairments, without regard to whether any such impairments, if considered separately, would be

of sufficient severity to render Plaintiff disabled; (2) whether the ALJ considered the durational requirement of substantial gainful activity and not merely the ability to find a job and physically perform it and (3) whether a reasonable person could conclude and justify that Plaintiff is not disabled in light of the substantial limitations assigned of this treating individual. However, despite the issues raised by Plaintiff, a review of the administrative record reveals that the ALJ's decision was based on substantial evidence and was decided by the proper legal standards.

> A. The ALJ Considered the Combined Effect of Plaintiff's Impairments in Determining that Plaintiff Does Not Have an Impairment or Combination of Impairments that Meets or Medically Equals a Listed Impairment

First, Plaintiff contends that, in determining whether Plaintiff's impairments met or medically equaled a listed impairment, the ALJ failed to consider the combined effect of her impairments. In determining whether Plaintiff is disabled, the ALJ is required to consider the combined effect of all of her impairments. 20 C.F.R. § 404.1523; 20 C.F.R. § 416.923. However, the Sixth Circuit has held that "[a]n ALJ's individual discussion of multiple impairments does not imply that he failed to consider the effect of the impairments in combination, where the ALJ specifically refers to a 'combination of impairments' in finding that the plaintiff does not meet the listings." *Loy v. Secretary of Health & Human Services*, 901 F.2d 1306, 1310 (6th Cir.1990) (citing *Gooch v. Secretary of Health & Human Services*, 833 F.2d 589, 592 (6th Cir.1987)). Here, the ALJ made a specific finding that Plaintiff "does not have an impairment *or combination of impairments* that meets or medically equals one of the listed impairments" in the applicable regulations [TR 17 (emphasis added)]. The ALJ also made multiple references in his decision to Plaintiff's "impairments" (plural) and discussed each impairment in detail [TR 17-25]. For this reason alone, Plaintiff's argument fails.

Moreover, the only specific impairment referred to by Plaintiff that she contends that the ALJ did not properly consider is her pain. However, a review of the administrative record shows that the ALJ did consider Plaintiff's pain in determining that her impairments or combination of impairments did not meet or medically equal a listing [TR 17-18]. Although the ALJ found that Plaintiff's allegations of chronic back pain were supported by medical evidence of record, the ALJ found that Plaintiff's joint and back impairments did not satisfy the criteria of the applicable listings [TR 17-18]. Even so, the ALJ accounted for Plaintiff's pain by including appropriate limitations in her RFC [TR 19-20].

Plaintiff does not provide the Court with any rationale nor cite to any specific evidence in the record supporting her argument that the ALJ did not appropriately consider Plaintiff's pain, nor any other alleged impairments. Rather, Plaintiff relies on conclusory statements, vaguely stating that "[t]he ALJ stated that Plaintiff's impairments were not severe enough to meet the listed impairments. However, the medical evidence is clear and it does indicate evidence of intensity, frequency and duration so as to seriously interfere with Plaintiff's ability to function" [DE #9-1 at pp. 4-5]. Despite this supposed abundance of evidence, Plaintiff makes no effort to identify the specific impairments to which she is referring, much less the "clear" medical evidence that she maintains is in the record. Nor does she offer any explanation of how her impairments interfere with her ability to function. The burden is on Plaintiff to demonstrate that her condition meets a listed impairment, *see Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001), and she has failed to show that she meets all of the specified medical criteria for any listing. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

Similarly, Plaintiff makes cursory references to the testimony of the vocational expert and the reasonableness of the hypotheticals used by the ALJ [DE #9-1 at p 4]. However, she fails to

provide any record citations for testimony that she contends was not considered, nor does she offer any explanation of how the hypotheticals used were not reasonably based upon the substantial evidence in the record. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to...put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997)(quoting *Citizens Awareness Network, Inc. v. United States Nuclear Regulatory Comm'n*, 59 F.3d 284, 293-94 (1st Cir. 1995)). The United States Court of Appeals for the Sixth Circuit has

> decline[d] to formulate arguments on [a claimant's] behalf, or to undertake an open-ended review of the entirety of the administrative record to determine (I) whether it might contain evidence that arguably is inconsistent with the Commissioner's decision, and (ii) if so, whether the Commissioner sufficiently accounted for this evidence. Rather, we limit our consideration to the particular points that [a claimant] appears to raise in [his/her] brief on appeal.

*Hollon ex rel. Hollan v. Commissioner of Social Security*, 447 F.3d 477, 491 (6th Cir.2006). In *Hollan*, the court also refused to consider the claimant's generalized arguments regarding the physician's opinions of record:

> [Claimant] has failed to cite any specific opinion that the ALJ purportedly disregarded or discounted, much less suggest how such an opinion might be impermissibly inconsistent with the ALJ's findings. In the absence of any such focused challenge, we decline to broadly scrutinize any and all treating physician opinions in the record to ensure that they are properly accounted for in the ALJ's decision.

*Id. See also United States v. Phibbs*, 999 F.2d 1053, 1080 n. 12 (6th Cir.1993)(noting that "it is not our function to craft an appellant's arguments").

Consistent with these holdings, the Court's Standing Order entered in this case [DE #8] clearly instructs that any motion for summary judgment shall include a statement of the legal

8

arguments presented at the beginning of the motion setting forth the plaintiff's arguments in a numbered list. The parties are further warned that the Court will consider only the arguments listed, will not formulate arguments on the parties' behalf and that the failure to submit such a statement may constitute grounds for denial of the motion. Thus, to the extent that Plaintiff's motion suggests other miscellaneous errors made by the ALJ in reaching his decision, such as improper consideration of the testimony of a VE or the use of flawed hypotheticals, these arguments are deemed waived by Plaintiff's failure to comply with the requirements of the Standing Order and, further, by her failure to properly develop these arguments in any meaningful way.

    B.    <u>The ALJ's Properly Considered the Durational Requirement of Substantial Gainful Activity</u>

Plaintiff argues that the ALJ erred by failing to consider the durational requirement of substantial gainful activity. In making this argument, Plaintiff cites *Gatliff v. Commissioner of Social Security*, 172 F.3d 690 (9th Cir. 1999), for the proposition that "substantial gainful activity means more than merely the ability to find a job and physically perform same. It also requires the ability to hold the job for a significant period of time." [DE #9-1, p. 5]. However, this Court has considered *Gatliff* on a number of occasions and repeatedly rejected any suggestion of a separate durational requirement. *See Metcalf v. Astrue*, 2011 WL 2009446 at *5 (E.D.Ky. May 23, 2011); *Wilson v. Astrue*, 2010 WL 4024893 at *6 (E.D.Ky. Oct. 13, 2010); *Durham v. Astrue*, 2010 WL 672136 at * 6 (E.D.Ky. Feb. 22, 2010); *Johnson v. Astrue*, 2009 WL 2473627 at * 3 (E.D.Ky. Aug. 10, 2009); *Wilder v. Astrue*, 2009 WL 650527 at *7 (E.D.Ky. Mar.12, 2009); *Garland v. Astrue*, 2008 WL 2397566 at *6 (E.D.Ky. June 10, 2008).[2] Instead, the Court assumes that "[i]mplicit in

---

[2]Notably, the party representing the claimant in many of these cases was Roger Riggs, counsel of record for Plaintiff in this case. In *Metcalf*, United States District Court Judge Danny

the RFC assigned to Plaintiff by the ALJ is a finding that Plaintiff is capable of maintaining employment." *Garland*, 2008 WL 2397566 at *6. Thus, the RFC set out in the ALJ's decision reflected his determination of the type of work Plaintiff could perform for a significant period of time. *See id.*

Furthermore, Plaintiff does not explain why an individual with her RFC would be unable to maintain employment. Plaintiff simply states:

> The Courts have imposed a durational requirement of substantial activity [that] ... requires the ability to hold the job for a significant period of time.... This was not considered by the ALJ, nor were the numerous exertional and non-exertional restrictions placed upon the Plaintiff due to her pain. This is made clear in the medical reports of Dr. Owen.

[DE # 9–1 at 5). However, the report of Dr. James C. Owen, M.D., opined that, with respect to Plaintiff's ability to do work-related activities, Plaintiff "would have mild to moderate difficulty lifting, handling, and carrying objects. Hearing, seeing, speaking and traveling are minimally affected" [TR 350]. Thus, rather than ignoring Dr. Owen's report, the ALJ clearly accounted for the restrictions identified by Dr. Owen through the limitations incorporated into his RFC finding [TR 19-20]. To the extent that Plaintiff attempts to argue otherwise, such an argument is simply not supported by the record herein.

C. Plaintiff's Remaining Arguments Fail

In a final attempt to argue that the ALJ's decision was erroneous, Plaintiff makes fleeting references to various additional arguments concerning "reports of various physicians" and VE

---

C. Reeves noted that he was "troubled" that Riggs "has raised this legal issue on several prior occasions but fails to cite or even acknowledge the growing body of adverse case authority rejecting this argument." *Metcalf*, 2011 WL 2009446 at *5 n. 4. This Court is similarly troubled.

testimony that the ALJ allegedly "ignored," the ALJ's assessment of Plaintiff's credibility, and the deference to be accorded Plaintiff's treating physician, without any serious effort to develop any particular argument. As noted above, "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to...put flesh on its bones." *McPherson*, 125 F.3d at 995-96. Although Plaintiff argues that "the physicians...were ignored" in this matter, she fails to identify any particular physician, nor cite to any particular testimony or evidence in the record that she contends was ignored. Thus, Plaintiff's argument fails.

With respect to the VE testimony, she similarly fails to identify any particular testimony that the ALJ ignored. However, VE Dr. Crystal testified by his written response to a written interrogatory that jobs exist in significant number in the national economy that Plaintiff could perform. [TR 26]. A second VE, Betty Hale, testified at the hearing that there are no jobs in the national economy that a hypothetical individual with an identical biographical profile to that of Plaintiff and with Plaintiff's RFC could perform [TR 27]. Presumably, Plaintiff is arguing that the ALJ ignored Ms. Hale's testimony. However, the ALJ specifically noted that he considered both Dr. Crystal and Ms. Hale's testimony and, further considering Dr. Crystal's experience with the Social Security Administration and his professional status, granted more weight to his testimony than to Ms. Hale's [TR 27]. It is within the province of the ALJ to resolve conflicts in the evidence and decide questions of credibility. *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003). Plaintiff has not offered any specific testimony that should have been considered credible, and has failed to dispute the ALJ's reasons for granting more weight to Dr. Crystal's testimony than Ms. Hale's. Inasmuch as Plaintiff

has failed to explain how the ALJ's credibility finding was not supported by substantial evidence, the Court will not disturb the ALJ's credibility finding.

Plaintiff's challenge to the ALJ's credibility finding regarding her testimony at the hearing fails for similar reasons. A plaintiff's subjective statements of pain or other symptoms, taken alone, cannot support a finding of disability. 20 C.F.R. § 404.1529 (a)-(e). *See also Tyra v. Secretary of Health and Human Services*, 896 F.2d 1024, 1030 (6th Cir. 1990). The Sixth Circuit Court of Appeals has developed a two-prong test to evaluate a claimant's assertions of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Walters*, 127 F.3d at 531(citations omitted).

In addition, "in evaluating complaints of pain, an ALJ may properly consider the credibility of the claimant." *Id*. (citing *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 538 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983)). Although an ALJ's assessment of a claimant's credibility must be supported by substantial evidence, "an ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters*, 127 F.3d at 531 (citations omitted).

Here, the ALJ found that, although Plaintiff's medically determinable impairments could reasonably be expected to cause the symptoms Plaintiff alleged, Plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent that they are inconsistent with her RFC [TR 20]. The ALJ then thoroughly discussed Plaintiff's

12

testimony in his decision, and discounted her subjective complaints [TR 20-25]. It is within the province of the ALJ to resolve conflicts in the evidence and decide questions of credibility. *Wright*, 321 F.3d at 614. Plaintiff has not offered any specific testimony that should have been considered credible, and has failed to dispute the ALJ's reasons for rejecting her testimony. Again, inasmuch as Plaintiff has failed to explain how the ALJ's credibility finding was not supported by substantial evidence, the Court will not disturb the ALJ's credibility finding.

Finally, in her brief, Plaintiff cites to the standard governing an ALJ's consideration of testimony of a treating physician [DE #9-1, p. 5], and vaguely argues that "[i]f the medical evidence of the DDS physician and her testimony had been linked together, Plaintiff would have been found disabled in accordance with the VE's opinion." Again, Plaintiff fails to cite to any particular testimony, identify a single physician, or otherwise point the Court to any specific evidence that she argues was not properly considered by the ALJ. In fact, the ALJ found that the findings in the medical evidence of record from Plaintiff's treating practitioners at Foothills Mobile Clinic and Powell County Clinic were "highly persuasive" and noted that, throughout their treatment of Plaintiff, these practitioners have not precluded her from performing any work-related activities or informed her that her impairments precluded her from working [TR 24]. Regardless, in light of Plaintiff's failure to provide any citations to the record at all in support of her arguments regarding the medical evidence from her treating physicians, Plaintiff's arguments fail.

For these reasons, Plaintiff has failed to meet her burden of proving that her condition caused disabling limitations. The record contains substantial evidence in support of the ALJ's assessment of Plaintiff's ability to work and his finding that her allegations were not totally credible. Upon

testimony in his decision, and discounted her subjective complaints [TR 20-25]. It is within the province of the ALJ to resolve conflicts in the evidence and decide questions of credibility. *Wright*, 321 F.3d at 614. Plaintiff has not offered any specific testimony that should have been considered credible, and has failed to dispute the ALJ's reasons for rejecting her testimony. Again, inasmuch as Plaintiff has failed to explain how the ALJ's credibility finding was not supported by substantial evidence, the Court will not disturb the ALJ's credibility finding.

Finally, in her brief, Plaintiff cites to the standard governing an ALJ's consideration of testimony of a treating physician [DE #9-1, p. 5], and vaguely argues that "[i]f the medical evidence of the DDS physician and her testimony had been linked together, Plaintiff would have been found disabled in accordance with the VE's opinion." Again, Plaintiff fails to cite to any particular testimony, identify a single physician, or otherwise point the Court to any specific evidence that she argues was not properly considered by the ALJ. In fact, the ALJ found that the findings in the medical evidence of record from Plaintiff's treating practitioners at Foothills Mobile Clinic and Powell County Clinic were "highly persuasive" and noted that, throughout their treatment of Plaintiff, these practitioners have not precluded her from performing any work-related activities or informed her that her impairments precluded her from working [TR 24]. Regardless, in light of Plaintiff's failure to provide any citations to the record at all in support of her arguments regarding the medical evidence from her treating physicians, Plaintiff's arguments fail.

For these reasons, Plaintiff has failed to meet her burden of proving that her condition caused disabling limitations. The record contains substantial evidence in support of the ALJ's assessment of Plaintiff's ability to work and his finding that her allegations were not totally credible. Upon

review, the Court finds that substantial evidence supports the ALJ's findings and his conclusion that Plaintiff is not disabled.

## IV. CONCLUSION

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby **ORDERS** as follows:

(1) the plaintiff's motion for summary judgment [DE #9] is **DENIED**;

(2) the Commissioner's motion for summary judgment [DE #11] is **GRANTED;**

(3) the decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g) as it was supported by substantial evidence and was decided by proper legal standards; and

(4) a judgment consistent with this Opinion & Order will be entered contemporaneously.

This September 6, 2011.

Signed By:
*Karl S. Forester* KSF
**United States Senior Judge**